UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JOYNER,

    Plaintiff,

v.

DETROIT POLICE OFFICER
R. STEWART, et al.,

    Defendants.
_____/

CIVIL ACTION NO. 08-14480

DISTRICT JUDGE JULIAN COOK

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL POLICE VIDEO/AUDIO AND TICKET BOOK

Plaintiff's Motion to Compel Police Video/Audio and Ticket Book was filed on July 29, 2009. Defendants filed a Response and Brief on August 11, 2009. The parties appeared for hearing on September 8, 2009.

Defendants are represented by Assistant Corporation Counsel for the City of Detroit. In their responses to Plaintiff's Requests for Production of Documents, Defendants represented, under oath, that "the law department has provided any and all documents related to this matter...." In their response to Plaintiff's Motion to Compel, Defendants' counsel represented that the City of Detroit Law Department would produce any requested document that was available and not privileged. No ticket book, record of ticket issuance, video or audio recording was produced. Each Defendants further represented in written answers that no surveillance tapes or in car video recordings existed with respect to the events surrounding his arrest.

On June 29, 2009, the depositions of Defendants were conducted. Defendant Welcome testified that the police car video was operational on the date of Plaintiff's arrrest

at the beginning of his shift. (Exhibit A, Plaintiff Welcome's Deposition Testimony, pp. 7, 18). Defendant Stewart testified that if the police video/audio were not operational it would be noted on the report, and confirmed that there was no indication in the report that the police car video/audio was not working. (Exhibit B, Plaintiff Stewart's Deposition Testimony, p. 21).

Additionally, Defendant Stewart testified that he wrote a civil infraction ticket to Plaintiff on the date of loss. (Exhibit B, pp. 18, 45-47). He testified that the Police Department should have a copy of the ticket. (Exhibit B, pp. 18). Later in his deposition, Stewart testified that his ticket book which would contain a record of the ticket had been destroyed. (Exhibit B, pp. 45-47).

In a List of Unresolved Issues filed prior to the hearing, Defendants' counsel represented that they had no objection to the production of police car video/audio recordings or the ticket book for the date in issue. In oral argument, counsel represented that Defendants had "no problem" producing those documents, "if they exist." Counsel was unable to explain, however, what efforts, if any, had been undertaken to locate and produce the requested articles.

In view of the foregoing facts, the court finds that Defendants and their counsel have failed to make a meaningful effort to respond to Plaintiff's legitimate discovery requests. Fed.R.Civ.P. 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or other response must be treated as a failure to disclose, answer, or respond." I am satisfied that Defendants and their counsel have failed to meet their obligations to respond in discovery. Fed.R.Civ.P. 37(a)(5) provides that, if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct

necessitated the motion, the party or attorney advising that conduct, or both, to pay the movants reasonable expenses incurred in making the motion, including attorneys fees.

IT IS THEREFORE ORDERED that, within fourteen (14) days of the date of this Order, Defendants and their counsel shall produce the ticket book and/or any other police department record reflecting the issuance of a ticket to Plaintiff, and any video or audio recording of the events relating to Plaintiff's arrest, to counsel for Plaintiff. The evidence in this case adequately establishes that the ticket book and a video recording did exist. If the responsive articles no longer exist, Defendants shall provide counsel for Plaintiff, and the court, with a sworn declaration by an executive officer of the City of Detroit Legal Department or the City of Detroit Police Department describing the efforts expended to locate the responsive documents, and an explanation of the circumstances surrounding the loss or destruction of any responsive document which no longer exists.

IT IS FURTHER ORDERED that, within thirty (30) days of this Order, Defendants shall pay the sum of $1,255.00 to counsel for Plaintiff, as reasonable attorney fees necessarily expended in the filing and prosecution of this Motion.

Defendants and their counsel are admonished that any future, willful failure to comply fully with their obligations to respond in discovery may result in a Report and Recommendation to the district judge that the Answer be stricken and that Judgment for Plaintiff be entered, by default, on the issue of liability.

                                              s/Donald A. Scheer
                                              DONALD A. SCHEER
                                              UNITED STATES MAGISTRATE JUDGE

DATED: September 21, 2009

## CERTIFICATE OF SERVICE

I hereby certify on September 21, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 21, 2009: **None.**

                                         s/Michael E. Lang
                                         Deputy Clerk to
                                         Magistrate Judge Donald A. Scheer
                                         (313) 234-5217