UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JOYNER,

        Plaintiff,

v.

DETROIT POLICE OFFICER
R. STEWART, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 08-14480

DISTRICT JUDGE JULIAN COOK

MAGISTRATE JUDGE DONALD A. SCHEER

## **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL INTERNAL AFFAIRS DOCUMENTS**

Plaintiff's Motion to Compel Internal Affairs Documents was filed on July 29, 2009. Defendants filed a Response and token Brief ("Defendants rely on all applicable Federal Rules of Discovery") on August 11, 2009. The parties appeared for hearing on September 8, 2009.

Defendants are represented by Assistant Corporation Counsel for the City of Detroit. The Defendants testified in deposition that an internal affairs investigation was conducted with respect to their contact with Plaintiff on April 27, 2008. Plaintiff served each Defendant with the following Request for Production of Documents:

> 1. Please produce any and all documents in the possession, custody or control of Defendants, including investigation reports, witness statements, studies, findings, notes, PCL records, arrest records, booking records, jail records, video tapes and photographs regarding the arrest which is the subject matter of this lawsuit.

In response, each Defendant provided the following response, under oath:

> Officer (Welcome/Stewart) does not have possession, control, custody or even access to any of the documents requested. However, the law department has provided any and all documents related to this matter by attaching those documents to the co-Defendants response to your discovery request.

(See Exhibit D to Plaintiff's Motion). No documents relating to an internal affairs investigation of the Defendants was produced by the City.

In Defendants' Response to Motion to Compel Internal Affairs Documents, their counsel asserted (correctly) that Plaintiff's requests for internal affairs investigative documents should have been directed to the City. Counsel further represented, however, that "[t]he City of Detroit is more than willing to produce any internal affairs documents that are not privileged or covered by protective order." Nonetheless, no documents were produced. In the List of Unresolved issues submitted to the bench on September 4, 2009, counsel again asserted that "Defendants have no objection to producing internal affairs documents. They reserve the right to request an in camera inspection." Defendants' assertions clearly imply that they have possession, custody and/or control of at least some of the documents included in the internal affairs investigation. Nonetheless, no documents have been produced.

Based upon the foregoing facts, IT IS HEREBY ORDERED that Defendants shall produce to counsel for Plaintiff any documents in their possession, custody or control which were included in the Detroit Police Department Internal Investigation.

IT IS FURTHER ORDERED that any privilege flowing to the individual Defendants has been waived by their failure to assert it in conformity with the Federal Rules of Civil Procedure.

Having considered this motion further since the date of the hearing, the court finds that the official records of the Detroit Police Department Internal Investigation in question are the property of the City, and may be subject to a deliberative process privilege. Accordingly, it is ordered that Plaintiff may seek production of the documents by the City of Detroit pursuant to Subpoena.

Although I find that Defendants' Answers to Plaintiff's Discovery Requests were misleading and incomplete, no attorney fee or other sanctions will be imposed upon the defense. Defendants are admonished, however, that any future failure on their part to comply with their discovery obligations under the Rules of Civil Procedure or the Orders of this court may result in a Report and Recommendation that their Answer be stricken, and that judgment by default on the issue of liability be rendered for Plaintiff.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: September 21, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on September 21, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 21, 2009: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217