UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JOYNER,

        Plaintiff,

v.

R. STEWART, DETROIT POLICE OFFICER, et al.,

        Defendants.

Case No. 08-14480
Honorable Julian Abele Cook, Jr.

ORDER

This case involves claims by the Plaintiff, Willie Joyner, who contends that the Defendants, all of whom have been identified as law enforcement officers for the City of Detroit in Michigan (hereinafter "the City") engaged in professional misconduct which deprived him of his fundamental rights under the United States Constitution and 42 U.S.C. § 1983. This order addresses a series of motions that are currently under review by this Court.

On September 14th and 15th of 2009, the Plaintiff filed two motions which, if granted, would (1) compel the Defendants to produce their personnel files or enter an order of default as an alternative disciplinary measure, and (2) set aside the case evaluation award that had been rendered in this action, respectively. On September 21st, Magistrate Judge Donald A. Scheer, acting upon another set of unrelated motions, issued three decisions which granted the Plaintiff's requests to compel (1) the production of the Defendants' video/audio and ticket book; (2) the reproduction of the City's relevant internal affairs documents which pertained to the Defendants' law enforcement

activities involving the Plaintiff; and (3) the Defendants to provide information regarding the their current suspensions from their employment as law enforcement officers.

On September 25th and October 2nd, the Defendants submitted separate applications for extensions of time in which to file their responses to the Plaintiff's motions. In their September 25th request, they assert that "there will be no personnel available to submit a timely response to [the] Plaintiff's motions . . . "because of the furlough days which had been mandated by the City, through its mayor. The application for relief by the Defendants on October 2nd indicates that "clerical and budgetary problems" within the City government have effectively prevented them from complying with the Plaintiff's motion in a timely manner. Collectively, they seek an extension of time in which to respond to the Plaintiff's motion. Under these circumstances, the Court will accept the Defendants' requests for an enlargement of time because their proffered reasons appear to be legitimate and justifiable.

On October 1st, the Defendants filed a motion for an extension of time in which to submit their objections to Magistrate Judge Scheer's orders, relying once again upon the mandatory furlough days and layoffs as the bases for their inability to file timely objections. The Court will grant the Defendants' motion and accept their otherwise tardy objections. However, each of the Defendants are advised that they cannot use the mandatory furlough days and budget problems as a permanent excuse upon which to circumvent the Federal Rules of Civil Procedure or the Local Rules of this District.

On October 5th, the Plaintiff filed a motion in which he sought to strike the Defendants' answers/defenses because of their alleged failure to comply with an order of the court, and to acquire the entry of a default judgment. Four days later (October 9th), the Defendants filed their

objections to the decisions of September 21, 2009 by Magistrate Judge Scheer. On the fifteenth of October, the Plaintiff filed a second request for an order, seeking to obtain the striking of the Defendants' answer, and, once again, the entry of a default.

Nearly three weeks later (October 28th), the Plaintiff filed a third motion, in which he sought the same relief as contained in his requests of October 5th and 15th. The Defendants filed responsive briefs to all but one of the above-mentioned motions. On December 8th, the Defendants filed a motion to stay the proceedings in this case or, in the alternative, for the entry of a protective order. The Plaintiff filed a response in opposition two days later.

I.

In addressing the Defendants' objections to Magistrate Judge Scheer's discovery orders, the Court looks to the Federal Rules of Civil Procedure which read in pertinent part, as follows:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).[1]

A.

---

[1]This version of Rule 72 was in force when the Defendants filed their objections to the magistrate judge's orders. The Supreme Court has since promulgated amendments to this rule with an effective date of December 1, 2009. *See* US Orders 2009-17 (March 26, 2009) ("[T]he . . . amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2009, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending.") Rule 72 now states that "a party may serve and file objections to the order within 14 days after being served with a copy."

In the order which granted the Plaintiff's motion to compel the production of the police video/audio and ticket book, Magistrate Judge Scheer stated:

> [W]ithin fourteen (14) days of the date of this [o]rder, [the] Defendants and their counsel shall produce the ticket book and/or any other police department record reflecting the issuance of a ticket to [the] Plaintiff, and any video or audio recording of the events relating to [the] Plaintiff's arrest, to counsel for [the] Plaintiff. The evidence in this case adequately establishes that the ticket book and a video recording did exist. If the responsive articles no longer exist, [the] Defendants shall provide counsel for [the] Plaintiff, and the [C]ourt, with a sworn declaration by an executive officer of the City of Detroit Legal Department or the City of Detroit Police Department describing the efforts expended to locate the responsive documents, and an explanation of the circumstances surrounding the loss or destruction of any responsive document which no longer exists.

In addition, the order noted that inasmuch as the motion to compel had been granted, Fed. R. Civ. P. 37(a)(5) requires the Court to direct the party or the attorney engaging in the conduct that necessitated the motion to pay the movant's expenses in making the motion. As such, the order directed the Defendants to pay the sum of $1,255 to the Plaintiff's attorney as reasonable fees for filing the motion.

The Defendants now contend that the assessment of costs is unreasonable because, in their opinion (1) they have been unable to locate such a video or audio recording; (2) any video or audio recording "would have no effect on the presentation of [the] Plaintiff's case"; (3) inasmuch as the Defendants are being investigated in an unrelated criminal case, procuring any information about them is difficult; (4) any video/audio equipment involved is not the Defendants' property; (5) the information regarding the ticket is readily available to the Plaintiff at the appropriate court; (6) the ticket book has been destroyed; and (7) no discovery order has been entered or violated.

According to Title 28, United States Code, Section 636(b)(1)(A), a district court can reconsider a magistrate's order concerning a pretrial matter "where it has been shown that [his] order

4

is clearly erroneous or contrary to law." A review of the Defendants' objections to Magistrate Judge Scheer's order does not demonstrate any error. The Defendants have merely advanced arguments which should have been raised before the magistrate judge prior to the issuance of his ruling. Thus, the Court rejects the Defendants' objection and affirms the magistrate judge's order. Therefore, the Defendants must comply with the magistrate judge's directives within a period of ten (10) days from the date of the entry of this order.

B.

Next, the Defendants have objected to the magistrate judge's order which granted the Plaintiff's motion to compel the production of the internal affairs documents. In his order, Magistrate Judge Scheer directed the Defendants to "produce to counsel for [the] Plaintiff any documents in their possession, custody or control which were included in the Detroit Police Department Internal Investigation." The magistrate judge also noted that because the Defendants had failed to assert any privilege flowing to them in accordance with the Federal Rules of Civil Procedure, these privileges had now been waived.

The Defendants do not object to the magistrate judge's order, but submit that (1) the order does not contain a deadline by which they are to comply with this directive and (2) they did not waive any of their individual privileges since these documents had not been made available to them. The Plaintiff concurs with the Defendants that the magistrate judge's order should include a definitive date as to when the Defendants must provide the requested material. In their expressed objection, the Defendants have again failed to identify how the magistrate judge's order is clearly erroneous or contrary to law, which is the standard of review that the Court must adopt. As such, the Court affirms the magistrate judge's order, subject to the insertion of a directive that the

5

Defendants must produce the designated material within a period of fourteen (14) days from the date of the entry of this order.

C.

Finally, the Defendants object to the order by Magistrate Judge Scheer who granted the Plaintiff's motion to compel the Defendants to answer questions and provide information regarding their current suspension. In this order, the magistrate judge concluded that the Defendants had refused to answer any questions regarding their suspensions, but found that "[n]either Defendant asserted a Fifth Amendment right against self-incrimination, or any other form of privilege." As a result, he directed the Defendants to appear for depositions regarding the issue of suspension and, as a further sanction, pay the sum of $500 to the Plaintiff's counsel within thirty (30) days from the date of the entry of the order.

The Defendants assert that although they "did not use words of art to assert their Fifth Amendment privilege, it was clear that they were asserting that right." Moreover, they maintain that judicial objectivity has been lost because the magistrate judge has required them to conduct a second deposition under his supervision. They also believe that this order does not authorize the presence of their attorneys during the depositions, thereby denying them their right to counsel. Further, the Defendants contend that the assessment of costs against them is punitive and unnecessary because they were relying upon the advice of their attorney. The Plaintiff, in his responsive pleadings, has opposed these objections, adding that his "counsel specifically asked [the Defendants during their deposition] if they were [asserting their Fifth Amendment right] and [the Defendants] responded that they were not."

The Fifth Amendment privilege against self-incrimination "may be invoked in the course of

any proceeding, criminal or civil." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1074 (6th Cir. 1990) (citing *Kastigar v. United States*, 406 U.S. 441, 444 (1972)). Here, however, the magistrate judge made a finding that the Defendants "did not assert a proper privilege objection," thereby plainly refusing to testify about information that "may be relevant to the claims and/or defenses of the parties in this action." The Court disagrees with the Defendants, in that it does not believe that the magistrate judge has prevented, or is preventing, any of them from asserting such a privilege. However, the Defendants must clearly invoke this privilege in order to receive its protections - a meaningful step which they failed to invoke in a timely manner.

In addition, there is no indication that the Court has lost its objectivity in this action. Moreover, the Defendants have failed to proffer anything that is clearly erroneous or contrary to law within the magistrate judge's challenged order. Contrary to the Defendants' assertion, the order by the magistrate judge does not state that they must appear at their deposition without the benefit of counsel. Moreover, the Court does not share the Defendants' interpretation of Magistrate Judge Scheer's opinion on this issue.

Finally, in addressing the magistrate judge's findings regarding the Defendants' failure to comply with discovery procedures, the Court determines that his imposition of costs against them is neither contrary to law nor clearly erroneous. Hence, the Court will not disturb Magistrate Judge Scheer's order and directs the Defendants to comply with its directives within a period of thirty (30) days from the date of the entry of this order.

II.

The Plaintiff has filed a motion for the entry of a default because of the Defendants' failure to comply with his requests for discovery. In support of this motion, he asserts that on June 9, 2009

7

a request was made by him to the Defendants for production of "all personnel files, statement[s], reports, forms, etc[.] in said personnel files of both Defendant Detroit Police Officers[.]" However, the Plaintiff submits that the Defendants have neither produced any of the requested documents nor have they asserted a privilege or filed a request for a protective order.

The Defendants, on the other hand, state that, although they are willing to "provide that portion of their personnel file concerning discipline and recommendations," it is their opinion that any other information is irrelevant and/or prejudicial to them and would be inadmissible. Moreover, the Defendants' counsel submit that they are (1) currently under suspension from their law enforcement responsibilities arising out of an unrelated incident and (2) the subjects of a criminal investigation, which has "impeded [their] access to both the Defendants and their records."

The Federal Rules of Civil Procedure provide that

A party may serve on any other party a request within the scope of Rule 26(b):
(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
(A) any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
(B) any designated tangible things[.]

Fed. R. Civ. P. 34(a)(1). The party upon whom the request is served must respond in writing within 30 days and (1) state that an inspection for each item will be permitted or (2) proffer an objection as well as the reasons therefor. Fed. R. Civ. P. 34(b)(2)(A), (B).

Furthermore, Rule 37(a) states that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery" and that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.

8

R. Civ. P. 37(a)(1), (4).

In this case, the Defendants state that, despite having agreed to produce certain portions of their personnel files, they have objected to the production of the remaining material. However, it should be noted that the Defendants have not responded in writing to the Plaintiff's requests, as specifically required by Rule 34. Although the Defendants may submit written objections to a request by the Plaintiff for the production of documents, any ruling as to the relevancy or the admissibility of the evidence at trial remains within the exclusive province of the Court. Thus, the Court is satisfied that (1) the Plaintiff has made efforts to obtain the requested discovery evidence prior to filing this motion, and (2) the Defendants have failed to submit a written response within the 30 days allotted by Rule 34. As such, the Court directs the Defendants to respond, in writing, to the Plaintiff's requests for production within a period of seven (7) days from the date of the entry of this order. The Court will decline to award sanctions at this time because of the Defendants' stated willingness to cooperate with the production of the challenged materials. However, they are admonished that (1) they must respond in writing to these requests and (2) their failure to comply with this order may lead to the imposition of sanctions against them.

III.

On September 15, 2009, the Plaintiff filed a motion to set aside the case evaluation award. In support of this request, he asserts that subsequent to the filing of this lawsuit, the parties agreed that the issues would be submitted for a case evaluation with the Wayne County Mediation Tribunal. However, the Plaintiff contends that, inasmuch as he was prejudiced at the case evaluation hearing on August 24, 2009 because of the Defendants' failure to proffer requested discovery, his motion to have the case evaluation award set aside should be granted.

The Defendants, in opposing this motion, state that the Plaintiff agreed to submit the case to the Mediation Tribunal and, after having done so, received the benefit of being heard at the case evaluation hearing. Accordingly, they ask that the Court deny this request. The Local Rules of this District provide that the parties in a civil dispute may submit their case to a case evaluation process – similar to those that are generally employed during a mediation procedure – pursuant to Mich. Ct. R. 2.403. *See* E.D. Mich. LR 16.3. Based upon the parties' stipulation to submit this matter to a case evaluation process, the Court entered an order which referred the case to the Wayne County Mediation Tribunal on July 15, 2009. However, "[n]either [Mich. Ct. R.] 2.403 nor Local Rule 16.3 includes [sic] a provision for setting aside a case evaluation[.]" *Richards v. Wal-Mart Stores, Inc.*, 2005 U.S. Dist. LEXIS 40321 at *2 (E.D. Mich. Dec. 14, 2005). There is limited authority regarding the grounds upon which a case evaluation can be set aside, such as where (1) "a party's position substantially changes after the mediation," *Miller v. Village Hill Dev. Corp.*, 2001 Mich. App. LEXIS 2172 at *13 (Mich. Ct. App. July 3, 2001); and (2) "valid reasons are determined to exist for setting side a mediation evaluation." *Kattula v. D.G. Stanhardt Assocs., Inc.*, 132 Mich. App. 49, 54-55 (1984).

In this case, the Court does not believe that the Plaintiff's request to set aside the case evaluation award is warranted. In *Kattula*, the Court, in denying the plaintiff's motion to set aside the case evaluation award due to incomplete discovery, noted that he "did not file a written motion to remove the cause from the . . . mediation as required." *Id.* at 55. Similarly, in this case, the Plaintiff did not file a motion pursuant to Mich. Ct. R. 2.403(C)(1) which would have enabled him to express his objections to the case evaluation award. Moreover, the Plaintiff received a notice on July 17, 2009 which set forth the date and time of the evaluation hearing. If it was the Plaintiff's

position that he did not have all of the discovery at that time, an appropriately timed petition to adjourn the proceeding could have, and should have, been filed by him because of the paucity of the requisite information. Yet for reasons that have not been disclosed to the Court, he failed to do so. In the absence of any demonstrated due diligence by the Plaintiff, the Court will decline to set aside the case evaluation award.

IV.

Next, the Court turns to the Plaintiff's three motions; to wit, (1) strike the Defendants' answer/defenses for failure to provide discovery in violation of a court order and (2) enter a default judgment and costs in his favor. His motions are based on the Defendants' alleged refusal to comply with two of the orders that had been entered by Magistrate Judge Scheer on September 21, 2009 . However, after the issuance of the magistrate judge's order, the Defendants filed (1) motions to enlarge the time in which to file objections to these orders which were subsequently granted by the Court, and (2) their objections to these orders. Thus, inasmuch as the Court has considered the Defendants' objections and established new deadlines by which the parties are to comply with the magistrate judge's directives (Section I, *supra*),the Plaintiff's requests must be denied for reasons of mootness.

V.

On December 8, 2009, the Defendants filed a motion for a stay of proceedings or, in the alternative, for the entry of a protective order (Doc. #52). Through their counsel, the Defendants assert that they have been suspended from the Detroit Police Department and are also awaiting the commencement of their trial on felony charges pertaining to issues that are unrelated to the issues in this litigation. Thus, the Defendants maintain that they have "ceased cooperating in this case

because of their suspension and pending criminal trial." They ask the Court to (1) stay these proceedings or (2) issue a protective order forbidding any further discovery from them pending resolution of their criminal case.

The Plaintiff opposes this motion, asserting that this is another attempt on the part of the Defendants to "elude proper discovery requests and violate [o]rders of the Court." He argues that inasmuch as the Defendants submit that their job suspensions and the criminal case are unrelated to the instant matter, it is his position that they should be directed to comply with the discovery orders.

Fed. R. Civ. P. 26(c)(1) states, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending - or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> . . .
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]

Here, the Court does not believe that the Defendants have shown good cause for the requests that they have advanced in their motion. First, the Court will decline to stay this matter for the purpose of awaiting the resolution of the issues in the Defendants' criminal case. In addition, the Court agrees with the Plaintiff that inasmuch as the Defendants have asserted that their criminal case is unrelated to the instant case, they should be able to fully participate in the discovery process. In responding to the Plaintiff's discovery requests, the Defendants are entitled to assert any privilege

which has been afforded to them by the United States Constitution or any other applicable law. However, if they continue to categorically refuse to participate in this litigation, they risk the imposition of sanctions by the Court (e.g., the entry of a default judgment against them). Accordingly, the Court denies their motion for a stay of the litigation or, in the alternative, for the imposition of a protective order.

## VI.

For the reasons that have been set forth above, the Court (1) grants the Defendants' motions for extensions of time; (2) denies the Defendants' objections to Magistrate Judge Scheer's orders; (3) grants in part, and denies in part, the Plaintiff's motion to compel production of the Defendants' personnel files or for the entry of default; (4) denies the Plaintiff's motion to set aside the case evaluation; (5) denies the Plaintiff's motions to strike the Defendants' answers and for default judgment; and (6) denies the Defendants' motion for a stay or, in the alternative, a protective order.

IT IS SO ORDERED.

Dated: January 12, 2010          S/Julian Abele Cook, Jr.
       Detroit, Michigan         JULIAN ABELE COOK, JR.
                                 United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 12, 2010.

                                 s/ Kay Doaks
                                 Case Manager